WRIGHT, J.,
delivered the opinion of tbe Court.
The Circuit Court dismissed the petition for writs of certiorari and supersedeas in this cause, and rendered judgment against the petitioner, Wood, and his security-in the certiorari bond for costs; but refused to give a' judgment for the plaintiff’s debt, and awarded a proce-dendo to the justice of the peace to issue execution upon the judgment before him in favor of the plaintiff.
This was error. It is obvious here, from the statement in the petition, that this is not a case where the judgment before the justice of the peace is not complained of, and the relief is sought alone from an unjust and illegal execution of it, as was the cases of Kincaid v. Morris, 10 Yer., 252, and Edde v. Cowan, 1 Sneed, 290. Here the judgment before the justice of the peace is complained of, and the writs of certiorari and supersedeas are substituted for an appeal. The petition not only asks that the execution issued by the justice may be removed into the Circuit Court and quashed, but also that the entire proceedings had before him may be removed, and a new trial had, and justice done the petitioner.
No other meaning can be given the petition than that the object of the removal of the cause to the Circuit Court was to correct the errors in the judgment and proceedings of the justice by a trial upon the merits.
It is true it is alleged in the petition by the defendant that he appealed from the justice’s judgment within the two days, and gave bond according to law, as he is advised; yet we simply understand this as a reason why he has a right to substitute the writ of cer-tiorari for the appeal.
*440 The plaintiff, therefore, was, Tinder the 3187th section of the Code of Tennessee, entitled to a judgment in the Circuit Court against the defendant and his surety to the prosecution bond for the amount of the justice’s judgment, with interest at the rate of 12-J per cent, per annum from its date, and costs. Kincaid v. Morris, 10 Yer., 252; Rogers v. Ferrell, 10 Yer., 254; Burt v. Davidson, 5 Hum., 426; Jones v. Williams, 2 Swan, 105.
The judgment of the Circuit Court will be reversed, and the proper judgment given here for the plaintiff.